IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ISAAC NATHANIAL BOHRER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 15-CV-3373-S-DGK |
| | ) | (Crim. No. 13-CR-3059-S-DGK-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR POST-CONVICTION RELIEF

Movant Isaac Nathanial Bohrer ("Bohrer") pled guilty to conspiracy to distribute a controlled substance analogue. He now moves to vacate that conviction pursuant to 28 U.S.C. § 2255 (Doc. 1), arguing his attorney was constitutionally ineffective for failing to consult a pharmacologist and for misadvising him on how much prison time he was facing. Because Bohrer fails to demonstrate that he would have rejected the Government's plea deal but for his attorney's allegedly deficient conduct, the motion is DENIED.

## Background[1]

The Analogue Act makes it unlawful to knowingly distribute "controlled substance analogues." 21 U.S.C. §§ 841(a)(1), 813. The Act defines controlled substance analogues as substances "intended for human consumption" which are "substantially similar to those on the federal controlled substances schedules." *McFadden v. United States*, 135 S. Ct. 2298, 2302 (2015); *see* 21 U.S.C. §§ 802(32)(A), 813. Bohrer was indicted under the Analogue Act for

---

[1] The facts in this section derive from: (1) Bohrer's record admissions, and (2) the allegations in his motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Bohrer to relief, the Court denies him an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

conspiring to distribute 4-MEC and 25I-NBOMe, chemicals which are analogues to the Schedule I controlled substances mephedrone and 2C-B, respectively. *See also* 21 U.S.C. § 846.

Bohrer chose to plead guilty to the charge, and signed a plea agreement which warned, "[T]he Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range . . . . [T]he Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties . . . ." (Crim. Doc. 48 at 7).

United States Magistrate Judge David P. Rush held a change of plea hearing during which he advised Bohrer that the maximum prison sentence for his charge was twenty years. The judge asked Bohrer, "Do you understand that the final decision as to how the guidelines are calculated and ultimately what sentence will be imposed rests with the District Judge?" (Crim. Doc. 58. at 6). Bohrer said yes. Judge Rush emphasized that the district judge could "calculate the guidelines differently from . . . what you've discussed with your counsel . . . ." (*Id.*) Bohrer responded affirmatively. Judge Rush warned, "Once the judge establishes the guideline range, in some circumstances, you could be sentenced above that range, and in other circumstances, below that range." (*Id.*) Bohrer affirmed his understanding of that possibility as well. Notwithstanding, he elected to go ahead with his guilty plea, which the Court accepted.

The Court sentenced Bohrer to 108 months' imprisonment. He did not appeal.

## Discussion

A district court may vacate a federal sentence if "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Bohrer argues his sentence was unconstitutionally imposed in two ways, each of which concerns the Sixth Amendment right to effective assistance of trial counsel. First, he argues that his attorney failed

to properly investigate whether the unscheduled chemicals he was involved with—4-MEC and 25I-NBOMe—were properly classified as controlled substance analogues. Second, he argues that his attorney gave him false information when advising him to take a plea deal.

To establish that counsel's assistance was so ineffective that it deprived him of his Sixth Amendment rights, a defendant who pled guilty must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, he would gone to trial instead of pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). A reasonable probability means there is a "'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Both prongs of the *Hill* test must be satisfied to obtain relief. *See Hill*, 474 U.S. at 58–59.

### I. Bohrer fails to demonstrate that had his attorney met with a pharmacologist about his case, the attorney would have learned enough favorable information that Bohrer would have rejected the Government's plea deal and proceeded to trial.

In Ground One, Bohrer argues his attorney was ineffective for failing to vigorously investigate whether 4-MEC and 25I-NBOMe were indeed analogues to controlled substances. Bohrer believes his attorney could have easily done this by consulting a pharmacologist and calling the pharmacologist to testify. He does not say what exact harm this failure caused him, but appears to believe that had his attorney consulted a pharmacologist, Bohrer would have received a better plea deal.

The Court assumes, without deciding, that Bohrer's attorney was indeed deficient for failing to deliberate with a pharmacologist. Even so, his attorney's performance did not prejudice him. Under *Hill*, a petitioner must provide the court "with the type of specific facts which would allow . . . an intelligent assessment of the likelihood that [he] would not have [pled] guilty." *Tran v. Lockhart*, 849 F.2d 1064, 1067 (8th Cir. 1988). "[M]erely stating unsupported conclusions will not suffice." *Brown v. United States*, 656 F.2d 361, 363 (8th Cir. 1981); *see*

Rules Governing § 2255 Proceedings, Rule 2(b)(2) (requiring § 2255 motions to "state the facts supporting each ground").

Bohrer has not demonstrated or even alleged that had his attorney spoken with a pharmacologist, the pharmacologist would have rendered a report favorable enough for the attorney to conclude that 4-MEC and 25I-NBOMe are not controlled substance analogues. He admits to simply guessing about the effect of his attorney's failure to consult: "Prejudice is yet to be determined to satisfy the two-part prong to this test, due to not knowing the difference in the possible outcome compared to the already established outcome of sentencing." Movant's Br. 17 (Doc. 1). Absent these specific facts, the Court cannot find there is a "substantial" likelihood that but for the attorney's failure to consult, Bohrer would have rejected the plea agreement and exercised his right to a trial. Bohrer's belief that a better plea bargain could be struck is irrelevant; the focus is on whether he would have gone to trial.

Bohrer has failed to demonstrate how his attorney's alleged deficiencies prejudiced him. *See Cullen*, 563 U.S. at 189; *Hill*, 474 U.S. at 59. Ground One is denied.

**II. Bohrer fails to convince the Court his attorney prejudiced him by inaccurately forecasting the sentence he would receive.**

In his second ineffective-assistance claim, Bohrer argues his attorney was constitutionally ineffective for telling him he would receive 46 to 57 months' imprisonment, when he ended up receiving 108 months. He argues his attorney should have warned him of the possibility that his sentence would be that high.

The record refutes any claim that Bohrer's attorney unconstitutionally prejudiced him. Bohrer claims his attorney promised him that, based on the Sentencing Guidelines, his sentence would not exceed 57 months. However, the plea agreement warned Bohrer that the Court was not constrained by any recommendation from Bohrer's attorney, and could "impose any sentence

4

authorized by law."  The magistrate judge told Bohrer the same thing, repeatedly emphasizing that the district judge—not Bohrer's attorney—was ultimately responsible for calculating the Bohrer's Guidelines range and imposing a sentence.

Therefore, even assuming that Bohrer's attorney neglected to tell him the possibilities before sentencing—or told him inaccurate information—the plea agreement and the magistrate judge told him everything he needed to know.  Therefore, there is no substantial likelihood that, had his *attorney* told him these things, Bohrer would have pled not guilty and exercised his right to trial.  *See Cullen*, 563 U.S. at 189; *Hill*, 474 U.S. at 59.  Ground Two is denied.

## Conclusion

Because Bohrer has failed to demonstrate that his attorney was constitutionally ineffective, his motion for post-conviction relief (Doc. 1) is DENIED.

Because no reasonable jurist would grant any part of this motion, a certificate of appealability is DENIED in all respects.  *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); 28 U.S.C. §§ 2255, 2253(c)(2).

**IT IS SO ORDERED.**

Date:  August 25, 2016                                    /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT